28 C.C.P.A.(Patents)

**VIETTI et al. v. DOW et al.**

**Patent Appeal No. 4466.**

Court of Customs and Patent Appeals.

June 9, 1941.

Rehearing Denied July 3, 1941.

R. J. Dearborn, of New York City (Daniel Stryker and William P. Epperson, both of New York City, of counsel), for appellants.

Clarence B. Zewadski, of Detroit, Mich., for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellants have here appealed from the decision of the Board of Appeals of the United States Patent Office which reversed the decision of the Examiner of Interferences awarding priority of invention in the three counts involved to appellants, the junior party. The senior party, appellees, copied the three claims corresponding to the counts here involved from the inadvertently issued patent of appellants. No question of seniority is involved, and the only question presented is the right of the senior party, appellees, to make the claims corresponding to the counts at bar, all other issues of priority being dependent upon the decision on the right to make the claims.

The counts read as follows:

"1. The method of treating an oil well to increase the proportion of oil and decrease the proportion of water produced therefrom, which comprises depositing in a water wet sand adjacent the well a chemical precipitate which acts to render the sand less permeable to water without substantially retarding the flow of oil to the well.

"2. The method of treating an oil well, which comprises forcing into the well and into a water wet sand adjacent the well a solution of a precipitatable chemical compound, and reacting the chemical compound in situ within the sand to effect a precipitation of the reaction product within the sand to render the latter less permeable to water without substantially retarding the flow of oil to the well.

"3. The method of treating an oil well to increase the proportion of oil and decrease the proportion of water produced therefrom, which comprises forcing into the well and into a water wet sand adjacent the well a solution of a chemical compound which reacts upon contact with the water and metal salts present in the sand to cause a precipitation of a reaction product with-

in the sand to render the latter less permeable to water without substantially retarding the flow of oil to the well."

In appellants' brief the following is stated:

"The invention of the Vietti and Garrison patent * * * is directed to 'the treatment of an oil well, and more particularly to the chemical treatment of the sand adjacent a producing well in order to render the sand more permeable to oil and less permeable to water' * * *.

"The particular treatment disclosed in the patent consists in depositing on the surface of the sand grains a precipitate or coating to change the physical characteristics of the surface of the sand grains so that they become preferentially wet by oil rather than by water. * * *"

It is well understood that in the production of oil, it is a common occurrence to find brine produced along with the oil and that sometimes the amount of brine far exceeds the amount of oil. The object of the invention here involved is to decrease the amount of the water and to increase the amount of the oil. It has long been known that oil wells might be treated with acid with beneficial results, the acid eating away the rocky structure in the oil-bearing stratum, thus furnishing more opportunity for the escape of the oil. By the same token, additional water is frequently thereby released. Moreover, it sometimes occurs that the veins of water coming into the well are separate and apart from the stratum from which the oil flows. It was an old expedient to cement or block off the separate veins of water, but this did not solve the problem of retarding the flow of water and increasing the flow of oil where both came from the same stratum.

The appellees treat oil-bearing wells by first inserting a chemical which precipitates or reacts with the brine in such a way as to have a tendency to lessen the amount of water while not decreasing the flow of oil. As a subsequent step, appellees treat the well with acid, which acid treatment is old in the art.

Both parties teach that various ingredients may be used to form a precipitate. An illustration of such is common soap.

Appellants have stressed the fact that their treatment is to use a precipitate to stop the flow of water at any point where it interferes with the oil; that their invention is broad enough to cover inserting the precipitate-forming material in the oil-bearing vein where water is troublesome; and that the precipitate makes the sand less permeable to water and more permeable to oil.

The briefs and arguments of both parties are filled with much theory and speculation concerning what happens in the bottom of a well, and appellants' chief argument is based upon the purpose for which they use the same material as that used by appellees.

The Primary Examiner, in response to the action of appellees in copying the three claims involved and requesting an interference, held that unless the claims were given a narrow construction they would read upon the prior art patent to Mills, No. 1,421,706, which taught the use of a material similar to that used by appellees to lessen the water in levels above the oil stratum. Construing the claims narrowly, he held that appellees could not make them. Appellees took an ex parte appeal to the Board of Appeals, which reversed the decision of the examiner and held that appellees could make the claims.

The interference was thereupon declared, and within the motion period appellants moved to dissolve on the ground that appellees had no right to make the claims corresponding to the counts. This motion was denied by the Primary Examiner, in view of the aforesaid decision of the board. Considerable evidence was then introduced by both parties relating to the effect of precipitation in wells and various other theories regarding the production of oil. The Examiner of Interferences, in view of the new matter presented subsequent to the aforesaid decision of the board, held that appellees had no right to make the claims corresponding to the counts. Appellees appealed to the Board of Appeals from the decision of the Examiner of Interferences so holding, and the board reversed his decision, held that appellees could make the counts, and awarded them priority of invention therein. The board discussed and quoted from the said Mills patent and the patent of appellants, discussed the specification of appellees, and held, in effect, that the claims were broad and should be broadly construed, and that when broadly construed they would not be regarded as invalid in view of the said Mills patent.

In this court, appellants argue at great length that the appellees had no conception of the effect of the inserted chemical upon the production of oil from an oil stratum which also contained brine.

It seems clear that appellants base their contention chiefly upon what the parties were attempting to accomplish or understood they were accomplishing rather than what was actually accomplished. It seems obvious that if both parties used the same material in an oil well that produced both oil and brine, both would obtain the same result regardless of what they thought they were obtaining or how it was obtained. Appellants argue in this court that the board erred in holding that the counts when broadly interpreted distinguished from the disclosure of the said Mills patent. Appellants here take the same position as that taken by the Examiner of Interferences and earnestly urge that the board erred in its conclusion that the Examiner of Interferences was in error in holding that if the counts were broadly construed they were anticipated by the Mills patent.

In this court it is settled law that if the Board of Appeals in cases like that at bar construes the counts broadly and holds that when so construed the claims corresponding to the counts were not anticipated by the prior art, we will be bound by that holding and adopt such broad construction in our passing upon the issue. Vickery v. Barnhart, 118 F.2d 578, 28 C.C.P.A., Patents ——.

We are in agreement with the decision of the Board of Appeals holding that the counts are broad and that when broadly construed they are supported by appellees' disclosure.

We are not here concerned with appellees' subsequent treatment with acid. It seems to us that the first steps taken by appellees are bound to bring about results identical with those claimed in appellants' teachings.

There is little, if any, contention here that the parties do not use the same materials under similar circumstances.

We think appellees, in their brief, have stated very succinctly the situation which the record presents. We quote:

"* * * So far as we can see, both parties put a soap in the hole on top of the ground and get some sort of a metal soapy precipitate in the water wet sand adjacent the well bore. Both theorize on the geological formation surrounding the well bore, and on the disposition of the precipitate therein, and have divergent views—but both seem to be doing the same things with factually equivalent materials. We are unable to see why the procedure of the two parties does not necessarily produce similar precipitates and precipitates having similar physical characteristics, specifically a preferential wettability for oil as against water.

"As we see it, Vietti and Garrison's chief complaint as to Dow and Grebe's right to make the claim resides in the theory of what occurs at the bottom of the well after each places the soap in the hole at the surface of the ground."

As has been previously stated, the board held that the counts were broad enough to cover forming in a water wet sand a chemical precipitate which has a tendency to prevent the ready flow of water but not appreciably retard the flow of oil into the well. In the decision of the board from which this appeal is taken, reference is made to its former decision so holding. In addition the board, at some length, discusses the Mills patent and holds that when thus broadly construed, the counts distinguish over said patent by reason of the fact that while Mills teaches plugging or cementing off water from the well, there is nothing definite to indicate that his chemical reagents might not also render certain porous strata impermeable or partly impermeable to oil or gas. In its former decision it held that appellees could make the counts, since they disclose the treatment of forcing an ordinary aqueous soap solution into the bearing formation, the soap entering the brine passages and reacting "with the brine to form water-insoluble soap sealing the brine passages" but not becoming precipitated in the absence of brine. This holding is adhered to in the decision from which the instant appeal is taken.

Under the circumstances at bar, the general rule that the counts should be given the broadest construction reasonably consistent with the meaning of the language used applies, and when that interpretation is given to them we find ourselves, for reasons heretofore stated, in agreement with the board that they read upon appellee's disclosure.

It is agreed in this court that the only issue presented in this appeal is the right of the party Dow and Grebe, appellees, to make the claims corresponding to the counts here in issue. In view of our above-stated conclusion on this question, the decision of the Board of Appeals reversing that of the Examiner of Interferences and awarding priority of invention defined by the counts to the senior party, appellees, is affirmed.

Affirmed.